ALTENBERND, Judge,
Concurring.
I concur in the affirmance of this judgment. I write to explain that I have reviewed only the judgment on appeal. In my opinion, this court’s scope of review gives it no power to consider alleged errors in the verdict that do not affect the judgment. Accordingly, I conclude that there is no proper legal basis to reverse the $50,000 judgment in this case, and I express no opinion as to the correctness of the jury’s verdict awarding $80,872,266.
Shortly after midnight on March 3, 2007, Gerald Bottini was driving on the interstate when the engine of the car in front of him malfunctioned and caught fire, emitting a large cloud of smoke. The smoke apparently disoriented Mr. Bottini, and he swerved to the left. His car rolled, and he was thrown from the vehicle. As a result, he died.
The car that exploded was driven by a young woman and owned by her mother. The car had been maintained by the owner’s husband, the driver’s father. The Estate of Mr. Bottini sued the driver and her mother. The Estate alleged that the driver was negligent on the highway because she did not pull over when the engine first showed signs of malfunction. The Estate further alleged that the driver’s mother had negligently maintained the vehicle. The case settled for approximately $1,000,000. Thereafter, the Estate maintained this action against GEICO because it provided underinsured motorist insurance coverage for Mr. Bottini.
The jury returned a verdict finding negligence on the part of both the driver and the owner of the underinsured car and finding no comparative negligence on the part of Mr. Bottini. The jury awarded $103,552 to the Estate. It awarded $14,522,478 to Mr. Bottini’s wife, $5,363,070 to one child, $5,423,256 to a second child, and $5,459,910 to a third child. After deducting the settlement that had been received from the tortfeasor, this award still totaled almost $30,000,000. Because GEICO’s policy limit for underin-sured motorist coverage was $50,000, the trial court properly limited the judgment to that amount.
On appeal, GEICO has argued several issues that might affect the judgment as to liability and comparative negligence, but this court has found no preserved reversible error on those issues. It has also *478 argued that the verdict is excessive and that it was influenced by improper arguments. However, GEICO concedes that after finding liability, a jury would be free under the facts of this case to award a total of $1,050,000 even in the fairest of trials. Accordingly, no alleged error raised by GEICO can be a harmful error as to the judgment totaling $50,000.
This appeal is motivated by the lawsuit that both parties know will follow. The Estate will sue GEICO under section 624.155, Florida Statutes (2006), for failure to settle this claim at an earlier time. The available damages in that action are specified by the legislature. Section 627.727(10), Florida Statutes (2006), states:
The damages recoverable from an uninsured motorist carrier in an action brought under s. 624.155 shall include the total amount of the claimant’s damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney’s fees and costs, and any damages caused by a violation of a law of this state. The total amount of the claimant’s damages is recoverable whether caused by an insurer or by a third-party tortfeasor.
(Emphasis added.) The statute does not explain how the finder of fact in the next lawsuit determines the “total amount” of the claimant’s damages. Not unreasonably, both sides in this appeal anticipate that the Estate will attempt to use the verdict in this case as evidence of the total amount of damages in the next lawsuit.[1]
Constitutionally, this court is given power to review final judgments for reversible error. We can also write an opinion affirming a judgment as to issues that, if we were to reach an opposite result, would lead to a reversal of the judgment. But I am unconvinced that we have a scope of review that allows us to rule on issues that do not and cannot affect the judgment on appeal. In this case, given that we decided to affirm on the issues relating to liability, GEICO essentially wants this court to write an opinion that affirms the judgment, but “reverses” the verdict as to elements of damage not included within the judgment. I simply conclude that this court does not have the power to issue such an opinion. The fact that such an opinion might be convenient for purposes of the next lawsuit or facilitate its settlement does not change the authority given to me under the Florida Constitution.
Accordingly, this concurrence permits both sides to know that at least one judge on this panel has not decided that the verdict is correct or incorrect as to damages awarded in excess of $1,050,000 because that issue is not within our permissible scope of review. If I am refusing to do that which the law requires me to do, I would assume that by writ of mandamus the supreme court could order me to conduct such a review. If so ordered, I would perform that review.

. In a standard “bad faith” case involving a liability insurance company, the verdict in excess of the insurance limits results in a judgment against the defendant, but not against his or her liability insurance company. Only in a lawsuit against the plaintiffs own insurer, a "first-party” insurance claim, does the excess verdict result in no judgment of any sort. Thus, the problem presented by this case appears unique to bad faith claims arising from coverage under section 627.727.